IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | : |
| | : |
| DONALD R. WILLEY, | : Bankruptcy Case No. 99-62248-SD |
| Debtor | : |
| | : |
| v. | : Civil No. L-01-3745 |
| | : |
| PENNSYLVANIA HIGHER | : |
| EDUCATION ASSISTANCE | : |
| AGENCY | : |

### ORDER

This is an appeal of proceedings in bankruptcy before the Honorable E. Stephen Derby. In an order dated October 16, 2001, the bankruptcy court discharged Appellee Donald Willey's student loan obligations under 11 U.S.C. § 523(a)(8). For the reasons stated below, the Court AFFIRMS the bankruptcy court's decision.

As distinguished from most forms of unsecured debt, student loans are presumptively nondischargeable. An exception exists, however, if repaying the loans will place an undue hardship on the debtor and the debtor's dependants. 11 U.S.C. § 523(a)(8). Courts have adopted a standard for "undue hardship" which requires a three-part showing: (i) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (ii) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (iii) that the debtor has made good faith efforts to repay the loans. Brunner v. N.Y. Higher Educ. Serv. Corp., 831 F.2d 395, 396 (2d Cir. 1987). The bankruptcy court's findings of fact relevant to the debtor's claim of undue hardship are to be affirmed unless clearly



erroneous. In Re: Ammirati, 187 B.R. 902, 906 (D.S.C. 1995). Whether or not the bankruptcy court's factual findings rise to the level of undue hardship under Brunner, however, is a question of law for this court to decide *de novo*. Id.

Mr. Willey filed a complaint to determine the dischargeability of his student loans owed to the Pennsylvania Higher Education Assistance Agency ("PHEAA"). The total loan balance through January 11, 2001, was approximately $20,216. Mr. Willey is an electronics technician and he earns approximately $53,000 per year. PHEAA contends that any person who earns $53,000 per year and is financially responsible should be able to repay $20,000 in loans. Although the bankruptcy court expressed some discomfort with the idea that someone in Mr. Willey's position is unable to pay off student debt, it concluded that repayment would constitute an undue hardship.

Mr. Willey is a divorced father of three young children, one of whom has serious health problems. Although the children reside with their mother, Mr. Willey has visitation rights every other weekend, three weeks in the summer and every Tuesday and Thursday evening for dinner. Per his judgment of divorce, Mr. Willey pays $863 each month in child support. He is also responsible for six to ten meals per week for his children, one half of their medical expenses, one-third of their private school tuition, and transportation costs arising from their visits.

In reaching its decision, the bankruptcy court made an exhaustive investigation into the facts of the case. It solicited briefs from both parties. An evidentiary hearing was held where Mr. Willey testified. Mr. Willey submitted income and expense statements showing his current and future financial positions. Based upon the evidence presented, Judge Derby made considerable adjustments to Mr. Willey's financial statements. He found that Mr. Willey had underestimated his present income by $217.87 per month and his future income by $396.03 per

month. Mr. Willey's current expenses were decreased by $513.50 per month and his future expenses were decreased by $501 per month. Even with these sizable adjustments, however, the bankruptcy court found that Mr. Willey's income was not enough to cover his expenses and he was falling further behind each month. His current expenses, the court held, exceeded his current income by approximately $20 per month, and the deficit would increase to approximately $678.90 per month in the near future. Applying the Brunner test to these facts, the bankruptcy court determined that Mr. Willey was currently unable to afford payments on his debt and that that state of affairs would not change in the foreseeable future.[1]

This Court is loathe to reverse the determination made by a fact finder who (i) applied the correct legal standard, and (ii) made a thorough review of the factual record. While most people earning over $50,000 per year should be expected to repay student loans over time without "undue hardship," Judge Derby concluded that, after reviewing Mr. Willey's individual financial circumstances, he was an exception to this rule.

Accordingly, the Court AFFIRMS the bankruptcy court's ruling.

It is so ORDERED this 25 day of September, 2002.

                                          Benson Everett Legg
                                          United States District Judge

---

[1] Although Judge Derby does not specifically address the third prong of the Brunner test in his opinion, he heard evidence and argument on the issue during the hearing. (T.R. at 23-24, 67-77.) Mr. Willey testified that he sought, but was denied, two deferments of payment.